Matter of Francesco D. (2021 NY Slip Op 04020)





Matter of Francesco D.


2021 NY Slip Op 04020


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-05331
2020-05332
 (Docket No. N-5090-16)

[*1]In the Matter of Francesco D. (Anonymous). Administration for Children's Services, respondent; Fortunato D. (Anonymous), appellant.


Stuart Diamond, Brooklyn, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Deborah E. Wassel of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond Rogers of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from two orders of the Family Court, Richmond County (Arnold Lim, J.H.O.), both dated March 10, 2020. The first order terminated the subject child's placement with the Commissioner of Social Services of the City of New York and discharged the child to the custody of the nonrespondent mother. The second order directed the Seaman Society to coordinate with the Italian Consulate and the mother to transport the child to the United Kingdom to unite with his mother.
ORDERED that the orders are affirmed, without costs or disbursements.
In 2013, the Juvenile Court of Palermo, Italy, entered a custody order which awarded the mother physical custody of the subject child, who was born in 2004 (hereinafter the Italian custody order). However, after traveling with the father to the United States, the child remained in New York and resided with the father until the instant neglect proceeding was commenced against the father in 2016.
The Administration for Children's Services (hereinafter ACS) alleged that the child was educationally neglected and, by an amended petition filed in 2018, that the father had neglected the child due to his drug abuse. The Family Court removed the child from the father's custody and placed him with the ACS. The child was sent to live in several foster homes thereafter.
In 2019, the mother filed the Italian custody order with the Family Court, Richmond County, which issued a certification of the registration of the Italian custody order. The father did not object to the registration of the Italian custody order. By order dated August 6, 2019, the Family Court directed a court-ordered investigation of the mother's residence in London, England. After that investigation, the mother's residence was cleared by the authorities. Further, the court conducted an in camera interview with the then 15-year-old child, and determined that it was in his [*2]best interests to terminate his placement and discharge him to the custody of the mother.
Contrary to the father's contentions, there was a sound and substantial basis in the record to terminate, upon the ACS's consent, the child's placement with the Commissioner of Social Services of the City of New York, and to discharge him to the custody of the mother, who had been awarded custody by the Italian court (see Matter of Princess A.E. [Shaleyah E.], 193 AD3d 855; Matter of Yosepha K. [Chana D.], 165 AD3d 932; see generally Family Ct Act §§ 1052[a]; 1054, 1061).
The father's remaining contentions are without merit.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court